**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

EDWIN OSVALDO LOPEZ GUZMAN,

Petitioner,

v. Civ. No. 26-00089 JB/GJF

PAMELA BONDI, Attorney General,
DAREN K. MARGOLIN, Director for Executive
Office for Immigration Review,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
KRISTI NOEM, Secretary, U.S. Department of
Homeland Security,
DEPARTMENT OF HOMELAND SECURITY,
TODD M. LYONS, Acting Director of
Immigration and Customs Enforcement,
IMMIGRATION AND CUSTOMS ENFORCEMENT,
MARY DE ANDA-YBARRA, Director, El Paso
Field Office, Immigration and Customs Enforcement,[1] and
GEORGE DEDOS, Warden of Torrance County
Detention Facility,

Respondents.

**ORDER DIRECTING SERVICE AND**
**FOR RESPONDENTS TO SHOW CAUSE**

THIS MATTER is before the Court *sua sponte* after referral from the presiding judge. *See* Order, Dkt. No. 4.

The Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") permit district courts to "apply any or all of these rules to a habeas corpus petition not covered [under 28 U.S.C. § 2254]." Rule 1(b), U.S. R. Gov'g 2254 Cases. *See also Boutwell*

[1] Petitioner lists Mary De Anda-Ybarra in the caption of his Verified Petition for Writ of Habeas Corpus (Dkt. No. 1). However, he does not list Mary De Anda-Ybarra as a respondent in the body of the Petition listing the parties. *See id.* ¶¶ 13-23. Instead, Respondent David Easterwood, Acting Field Office Director for the St. Paul Field Office for Immigration and Customs Enforcement, is listed. *Id.* ¶ 22. Petitioner, however, asserts that he is now being detained in the Torrance County Detention Facility. *Id.* ¶ 23. The Court will assume that, given Petitioner's transfer to New Mexico, the caption is correct, and that Mary De Anda-Ybarra is the intended respondent.

*v. Keating*, 399 F.3d 1203, 1210-11 n.2 (10th Cir. 2005) (noting that Section 2254 Rule 1(b) grants district courts discretion to apply the Section 2254 Rules to § 2241 petitions). Rule 4 of the Section 2254 Rules requires the clerk of the court to "serve a copy of the petition and any order on the respondent" once the court orders "the respondent to file an answer, motion, or other response within a fixed time." Rule 4, U.S. R. Gov'g 2254 Cases. To ensure service is perfected and that the matter can be heard on the merits as soon as possible, the Court will exercise its discretion in applying Section 2254 Rule 4 to this matter. Accordingly, the Court hereby directs the Clerk of the Court to serve the Respondents in accordance with this Order as set forth below.

**IT IS THEREFORE ORDERED** that the Clerk of the Court must serve copies of the Petition and this Order by certified mail upon:

1) Pam Bondi, U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530-0001.

2) U.S. Attorney's Office, Attn: Civil Process Clerk, 201 3rd Street NW, Suite 900, Albuquerque, NM 87102;

3) Daren K. Margolin, Director for Executive Office for Immigration Review, 5107 Leesburg Pike, Falls Church, VA 22041-3260;

4) Kristi Noem, Secretary of Homeland Security, Attn: Office of the General Counsel, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave SE, Washington, DC 20528-0485;

5) Todd M. Lyons, Acting Director of U.S. Immigration and Customs Enforcement, 500 12th Street SW, Washington, DC 20536;

6) Mary De Anda-Ybarra, Field Office Director, El Paso Field Office, Attn: U.S. Immigration and Customs Enforcement, Office of the Principal Legal Advisor, 500 12th St. SW, Mail Stop 5900, Washington, DC 20536-5900; and

7) George Dedos, Warden, Cibola County Correctional Facility, 2000 Cibola Loop, Milan, NM 87021.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a courtesy copy of the Petition and this Order via e-mail to USANM.Civil.Immigration@usdoj.gov.

**IT IS FINALLY ORDERED** that within **14 days** of receiving this Order, Respondents shall respond to the Petition (Dkt. No. 1) and show cause why the requested relief should not be granted.[2] Petitioner may file a reply (or a notice waiving the right to file such a reply) not later than **7 days** after the response is filed. The Court will determine whether a hearing on the Petition is necessary once briefing is complete.

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

[2] The Court finds good cause to allow Respondents more than three days after receipt of service to respond. *See* 28 U.S.C. § 2243 (requiring that the "order to show cause shall be directed to the person having custody of the person detained" and "shall be returned within three days unless for good cause additional time, not exceeding twenty days...."). These time-period computations shall be calculated according to Fed. R. Civ. P. 6(a).